**UNITES STATES of America,** Plaintiff–Appellee,

v.

**Quincy Deshawn BROWN,** Defendant–Appellant.

No. 04–21023
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 12, 2006.

James Lee Turner, Assistant U.S. Attorney, Jeffery Alan Babcock, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Sarah Beth Landau, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Quincy Deshawn Brown appeals his guilty-plea conviction and sentence for being a felon in possession of a firearm. *See* 18 U.S.C. §§ 922(g)(1), 924(a)(2). As Brown acknowledges, his challenge to the constitutionality of § 922(g)(1) is without merit. *See United States v. Daugherty,* 264 F.3d 513, 518 (5th Cir.2001). His conviction is therefore AFFIRMED.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Government concedes that Brown preserved his claim of *Fanfan* error, i.e., that the district court erred in sentencing him under the then-mandatory Guidelines, in violation of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Government also concedes that remand for resentencing may be appropriate because aside from relating "thoughts about the appropriateness of the guideline sentence, there was no other action by the district court that might arguably suggest that the court would have applied the same sentence under an advisory guideline sentencing scheme." In light of the Government's concession and the district court's statement at sentencing that it would impose an alternative sentence if *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) applied, Brown's sentence is hereby VACATED and this case is REMANDED to the district court for resentencing.